✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
v.
__EMILEE JO ANN YOUNG__
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case   1:09 cr 26-13

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  X for which a maximum term of imprisonment of ten years or more is prescribed in __21 U.S.C. § 841__.
  ☐ under 18 U.S.C. § 924(c).
X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   ☐ a preponderance of the evidence   that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____      _____
*Date*      *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 cr 26-13

**UNITED STATES OF AMERICA,**

Vs.                                                                                                    **ADDENDUM TO**
                                                                                                        **DETENTION ORDER**

**EMILEE JO ANN YOUNG.**

_____

**I.   FACTORS CONSIDERED**

**18 U.S.C. § 3142:**

**(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)**  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)**  the history and characteristics of the person, including--

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a controlled substance, that being cocaine base, more commonly known as crack cocaine.

**(g)(2):** The weight of the evidence against the person appears to have weight greater than that of probable cause. A co-defendant was using the defendant's cell phone to make telephone calls to dealers of controlled substances in an effort to obtain controlled substances. In a telephone call, the defendant offered to sell a small amount of crack cocaine to an undercover agent but the transaction did not take place. Evidence was also presented by the government through Agent Christen Brenezel that the defendant would drive two of her co-defendants to deliver controlled substances to purchasers.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties, she has had employment until being recently laid off from employment. The defendant does not have financial resources. The defendant has a long length of residence in the Macon County community, having been born and raised there. The defendant is well educated, having a Bachelor's Degree in nursing, but the defendant no longer has her nursing certification. The defendant is in poor physical health, having arthritis, fibromyalgia, and irritable bowel syndrome. The defendant has further experienced depression throughout her lifetime. The defendant's history relating to drug or alcohol abuse shows that she has been using crack cocaine since September 2007 until approximately five months ago and she has used marijuana since age 16. The defendant does not have any criminal convictions for the use of a controlled substance.

The defendant does have the following criminal convictions:

| Offense | Conviction Date |
|---|---|
| Worthless check | 05/01/08 |
| 2 counts of misdemeanor worthless check | 08/15/08 |
| Misdemeanor worthless check | 12/30/08 |

The defendant's record concerning appearance at court appearances shows that the defendant appears in court as she is scheduled to do.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does not exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. Due to the nature of the charges against the defendant, there is a presumption created that the release of the defendant would create a risk of harm or danger to any other person or the community. This presumption is subject to rebuttal. At the present time, the undersigned finds that the defendant has not rebutted the presumption. This defendant has continued to use controlled substances since age 17 and the evidence shown, in the pretrial services report, that the defendant has admitted if she was tested for use of a controlled substance, that being marijuana, she would test positive. The recommendation of the probation office is that the defendant be held for a period of 30 days to give her physical system a time to recover from the use of controlled substances and then for the court to reconsider the issue of detention. The court accepts that recommendation and will enter an order detaining the defendant for a period of 30 days from and after the date of her arrest and will order that a hearing be set concerning the issue of detention on the thirtieth day. At that time, the undersigned will, in all likelihood, issue an order releasing the defendant unless circumstances have changed.

The undersigned finds that the presumption of detention based upon a risk of flight by the defendant has been rebutted. The defendant has always resided in the Macon County community. She has family ties, including her parents and her son, who reside in Macon County.

**WHEREFORE**, it is **ORDERED** that the defendant be detained for a period of thirty (30) days from and after the date of the arrest and at that time further hearings will be held to determine whether or not the undersigned will release the defendant on terms and conditions of pretrial release.

Signed: April 28, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge