# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 CR 26-13

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| EMILEE JO ANN YOUNG. | ) | |
| | ) | |
| _____ | ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned at the close of a Rule 11 proceeding that was held before this court on June 18, 2009. It appearing to the court at the call of this matter on for hearing that the defendant was present with her attorney, Ronald C. True and the government was present and represented through Assistant United States Attorney David Thorneloe. From the arguments of counsel for the defendant and the arguments of the Assistant United States Attorney and the records in this cause, the court makes the following findings:

**Findings.** On April 7, 2009 a bill of indictment was issued charging the defendant with conspiracy to traffic in cocaine base, commonly known as crack cocaine, in violation of Title 21 U.S.C. § 841(a)(1) and 846. On June 18, 2009, the undersigned held an inquiry, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and accepted a plea of guilty of the defendant to that charge. At the end of the Rule 11 proceeding, this court presented the issue of whether or not the

defendant should now be detained, pursuant to 18 U.S.C. § 3143(a)(2).

**Discussion.** 18 U.S.C. § 3143(a)(2) provides as follows:

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless ----

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; or

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

From an examination of the records in this cause, it appears that the defendant has now entered a plea of guilty on June 18, 2009 to conspiracy to violate 21 U.S.C. § 841(a)(1). That crime is one of the crimes that is referenced under 18 U.S.C. § 3142(f)(1)(C). The undersigned has made an inquiry of Assistant United States Attorney David Thorneloe as to whether or not there was going to be a recommendation that no sentence of imprisonment be imposed upon the defendant. Mr. Thorneloe advised the court that such a recommendation could not be made in this matter. The undersigned cannot find there is a substantial likelihood that a motion for acquittal or new trial will be granted in that the defendant has entered a plea of

guilty. It would thus appear and the court is of the opinion that the court is required to apply the factors as set forth under 18 U.S.C. § 3143(a)(2). The direction given in the statute is one mandatory in nature. The statute provides as follows: "the judicial officer <u>shall</u> order...". As a result, the undersigned has no alternative other than to issue an order revoking the terms and conditions of pretrial release of the defendant and ordering that the defendant be detained.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that the terms and conditions of pretrial release in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: June 24, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge